## Commonwealth v. One Ford Truck, Engine No. 8096879.

*Prohibition enforcement — Condemnation proceedings — Truck used for transportation of intoxicating liquors—Rights of innocent owner—Practice— Act of March 27, 1923.*

1. Where a petition is presented by the Commonwealth for the condemnation of a truck alleged to have been used in the unlawful transportation of liquor, a petition by the owner under section 11 (D) (vi) of the Prohibition Enforcement Act of March 27, 1923, P. L. 34, praying for the return of the truck to him upon the ground that the illegal use was without his knowledge or consent, will be dismissed, as the fact that the use was without his consent may be shown by him as a defence to the Commonwealth's petition.

2. This section of the act was intended to protect the rights of one whose property had been ordered sold without notice to him.

Petition for condemnation of motor-truck. Q. S. Phila Co., Sept. Sess., 1924, No. 238.

*William T. Connor*, for petitioner.

*Charles Edwin Fox*, Assistant District Attorney, for Commonwealth.

FERGUSON, J., Oct. 24, 1924.—In this matter a petition was presented by the Commonwealth for the condemnation of a Ford truck, alleged to have been used in the unlawful transportation of liquor. Before the matter came on to be heard, a petition was filed by the owner under section 11 *(D)* (vi), praying for the return of the truck to him. A hearing was had, and within five days, and before decision was made, claimant filed a demand for a jury trial.

The petition of the Commonwealth was in proper form, and contained the necessary averments to require a hearing. The petition of the claimant sets up precisely those things which the owner would be obliged to prove in order to secure action favorable to him upon the petition filed by the Commonwealth. Assuming the automobile was used for the illegal transportation of alcoholic liquor, if the owner seeks to show that the illegal use was without his knowledge or consent, this fact may be shown as a defence to the Commonwealth's petition to condemn. It is not to be thought that the legislature intended that the same subject-matter should be considered upon two petitions, one under one section of the act asserting an illegal act, and the other under another section asserting the innocency of that act. The burden of proof remains the same under each section. Upon the petition of the Commonwealth, if there is proof that the vehicle was unlawfully used, the burden shifts to the claimant to show his lack of knowledge or consent. Upon the claimant's petition, he being the actor, the burden naturally rests upon him. It is probable that paragraph vi was intended to afford relief to one who had not received notice of the proceedings to condemn. The language would seem to indicate that, because it provides that at any time "prior to the sale" the owner may present his petition. There could be no sale unless there had been

a decree of condemnation. We must assume, therefore, that this section was intended to protect the rights of one whose property had been ordered sold without notice to him. The owner's petition has no place in this proceeding, and it must, therefore, be dismissed, and since the demand for jury trial was made within five days of the hearing, no decree of condemnation can be made. The matter must be regarded as at issue, and the ultimate disposition of the Commonwealth's petition must await the result of the jury trial.

### Order.

And now, to wit, Oct. 24, 1924, it is ordered and directed that the petition of William Jones, reputed owner, praying that the truck in controversy in the above case be returned to him, be, and the same is hereby, dismissed without prejudice to his right to set up such defence as he may have to the petition for condemnation filed by the Commonwealth.

NOTE.—Section 11 (D) (vi), reads as follows: Any person claiming the ownership of, or right of possession to, any intoxicating liquor, vehicle, team, conveyance, craft or other property, the disposition of which is provided for in this section, may, at any time prior to the sale thereof, present his petition to the court, alleging his lawful ownership thereof or right of possession thereto, and if, upon public hearing thereon, due notice of which having been given to the district attorney, such claimant shall prove by competent evidence to the satisfaction of the court that said intoxicating liquor, vehicle, team, conveyance, craft or property was lawfully acquired, possessed and used by him, or if, it appearing that the property was unlawfully used by a person other than the claimant, he shall prove that such unlawful use was without his knowledge or consent, then the court may order the same returned to said claimant; otherwise it shall be destroyed or sold (as the case may be) as hereinabove provided.